UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 11-73-HRW

STACI LEIGH LEE,                                               PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on June 3, 2009, alleging disability beginning on June 2, 2009, due to back and ankle problems, asthma and mental impairments (Tr. 133). This application was denied initially and on reconsideration (Tr. 77-78).

On July 7, 2010, an administrative hearing was conducted by Administrative Law Judge Roger l. Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 18, 2010, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 8-17).

Plaintiff was 35 years old at the time of the hearing decision (Tr. 10). She has completed one year of college (Tr. 10). Her past relevant work experience consists of work as a telephone directory assistant as well as a factory laborer, cashier and guard (Tr. 10, 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.10).

The ALJ then determined, at Step 2, that Plaintiff suffers from morbid obesity, asthma, traumatic osteoarthritis in the bilateral ankles, status post ankle fractures, chronic abdominal pain probably secondary to ovarian cyst, low back, knew and neck pain of uncertain etiology, depression not otherwise specified, attention deficit hyperactivity disorder, post-traumatic stress disorder, decreased visual acuity and psoriasis, which he found to be "severe" within the meaning of the Regulations (Tr. 10-11).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 11-14).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 16) but determined that she has the residual functional capacity ("RFC") to perform a limited range of sedentary work (Tr. 14-16). Specifically,

the ALJ found Plaintiff could lift no more than 10 pounds at a time and occasionally lift and carry articles like docket files, ledgers, and small tools. The ALJ also determined that Plaintiff could not climb ropes, ladders or scaffolds, but could occasionally climb stairs or ramps; occasionally push, pull or overhead reach with the upper extremities with occasional balancing, stooping, kneeling, crouching or crawling. The ALJ limited Plaintiff to no work in low light or where acute vision is required for safety or job performance; no exposure to concentrated vibration, dust, gases, fumes, poor ventilation, excess humidity, temperature extremes or industrial hazards; no aerobic activities such as running or jumping. The ALJ finally determined Plaintiff would require entry level work with simple, repetitive procedures, no frequent changes in work routines, and work in an object-oriented environment with only occasional interaction with co-workers, supervisors or the general public.

The ALJ concluded that these jobs exist in significant numbers in the national and regional economies. (Tr. 16). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 22, 2010

(Tr. 1-3).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 12] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

Plaintiff provides only cursory arguments in support of her motion for summary judgment, which is little more than a recitation of portions of the ALJ's decision and the record. The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006).

Although Plaintiff cited the legal standard for evaluation of treating physicians' opinions, she failed to elaborate on the issue in her argument, and she failed to identify a specific treating physician or psychiatrist. In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less

suggest how such an opinion might be impermissibly
inconsistent with the ALJ's findings. In the absence of
any such focused challenge, we decline to broadly
scrutinize any and all treating physician opinions in the
record to ensure that they are properly accounted for in
the ALJ's decision.

*Id.* See also, *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " '[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of November, 2011.



Henry R. Wilhoit, Jr., Senior Judge